UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NANA J. HARTFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE SOUTH SOUND HEALTH d/b/a Wellfound Behavioral Health, et. al,<br><br>Defendant. | CASE NO. 3:26-cv-05726-BHS<br><br>ORDER |

THIS MATTER is before the Court following Magistrate Judge Theresa Fricke's Order granting pro se plaintiff Nana Hartfield's application to proceed *in forma pauperis*, based on her indigency, leaving to this Court the evaluation of whether Hartfield's complaint, Dkt. 3, asserts a plausible claim and should be served. Dkt. 2. (citing 28 U.S.C. § 1915(e)(2)(b)). Also pending is Hartfield's motion for appointment of counsel, Dkt. 4.

Hartfield, "an African American woman over (50) years of age," alleges that her former employer, defendant Wellfound, discriminated against her by paying her less than a similarly situated white male colleague. Dkt. 3 at 10. She also argues that Wellfound

fired her in retaliation for filing a wage theft grievance and a workers compensation claim. *Id.* She further alleges that following her termination, defendant Service Employees International Union (SEIU) failed to adequately represent her or communicate the status of her pending grievance, resulting in missed deadlines. *Id.* at 12.

She asserts claims against Wellfound for breach of a collective bargaining agreement, failure to accommodate a disability, retaliation, race and sex discrimination under Title VII of the Civil Rights Act, age discrimination under the Age Discrimination in Employment Act, and violations of Washington's Equal Pay and Opportunities Act. She also asserts a breach of duty of fair representation claim against SEIU.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Hartfield's complaint appears to plausibly allege state and federal law claims arising from her employment and termination. The Court therefore concludes that Hartfield is entitled to proceed *in forma pauperis*, and to have her complaint served under Federal Rule of Civil Procedure 4(c)(3). Hartfield must obtain summonses from the Clerk's office, and provide the summonses and complaint, along with the defendants' addresses, to the Clerk. *See also* LCR 4. The Clerk shall assemble the summons and the complaint, and the U.S. Marshal or someone specially appointed shall serve defendants the summons and complaint on Hartfield's behalf. Hartfield may consult the Clerk's Office's Guide for further instructions: https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf.

There is no constitutional right to counsel for an indigent plaintiff in a civil case unless the plaintiff may lose their physical liberty if they lose the litigation. *See Lassiter v. Dept. of Social Servs*., 452 U.S. 18, 25 (1981). But, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding

*in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel under only "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id*.

Hartfield has met the *in forma pauperis* standard, but she has not demonstrated the exceptional circumstances necessary for the appointment of pro bono counsel because she has not yet demonstrated that she has a likelihood of success on the merits of her claims. Hartfield's motion to appoint counsel, Dkt. 4, is **DENIED** without prejudice.

**IT IS SO ORDERED**.

Dated this 21st day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge